UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATTI WALTERS,

      Plaintiff,

v.                                                   Case No. 8:26-cv-01244-CEH-NHA

ENTERPRISE CAPITAL MANAGEMENT
PARTNERS INC., d/b/a ENTERPRISE
RECOVERY COMPANY,

      Defendant.

_____/

## **ORDER**

Plaintiff's motion for entry of Clerk's default against Defendant Enterprise Capital Management Partners, Inc. (Doc. 15) is denied without prejudice.

Plaintiff brings this action under the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act, alleging that Enterprise Capital Management Partners ("Enterprise") attempted to collect a debt from Plaintiff that Plaintiff did not owe. Doc. 1. Plaintiff states that, on May 6, 2026, she served Enterprise (*see* Doc. 8) and that Enterprise failed to answer or

otherwise respond to the suit. Doc. 15. On July 2, 2026, Plaintiff moves for Clerk's default against Enterprise.[1] *Id.*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment.*" In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general

---

[1] Plaintiff previously moved for an entry of Clerk's default on May 29 and June 26 (Docs. 9, 13), which motions the Court denied without prejudice because they did not explain how service on Enterprise satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure (Docs. 10, 14). In the present motion, Plaintiff states that Enterprise was served in accordance with Rule 4(h)(1)(B), which permits service on a corporation via the corporation's registered agent. Doc. 15. For the reasons stated in this order, and to comply with Local Rule 3.01(b), the Court requests that Plaintiff's fourth version of the motion for Clerk's default contain a memorandum of law which substantially engages with the relevant standards.

agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Here, Plaintiff states that Enterprise was served in accordance with Rule 4(h)(1)(B) because she served Enterprise's registered agent, Corporate Service Center, Inc., at 11175 Cicero Drive, Suite 100, Alpharetta, GA, 30022. Doc. 15 ¶ 3. The return of service states that Corporate Service Center was served by leaving the summons and complaint with "Danielle Hindel, Administrative Assistant." Doc. 8.

Rule 4(h)(1)(B)'s provision allowing corporations to be served via their agents is interpreted according to federal law's "well-settled general principles of the law of agency." *Nat'l Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964). Applying agency principles to the question of whether a purported agent is authorized to accept service for a company is a fact-sensitive inquiry. *See Zond, LLC v. Fujitsu Semiconductor Ltd.*, 53 F. Supp. 3d 394 (D. Mass. 2014) ("Whether an individual is a suitable agent to receive service 'depends on a factual analysis of that person's authority within the organization.'") (quoting *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988)). One set of relevant facts is whether the person

3

served on the company's behalf is "so integrated with the corporation that such person will know what to do with legal papers served." *McCarthy v. Langston*, 23 F.R.D. 249, 250 (N.D. Fla. 1959). Ultimately, courts seek to ensure that the corporate employee served is "an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive services." *Ins. Co. of N.A. v. S/S Hellenic Challenger*, 88 F.R.D. 545, 547 (S.D.N.Y. 1980) (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977)). Courts may "liberally construe" these service-agent standards "when a defendant has actual notice of a lawsuit filed against [it]," or where "a defendant has engaged in deception to avoid service of process." *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665 (S.D. Fla. 1985); *see also Union Asbestos & Rubber Co. v. Evans Products Co.*, 328 F.2d 949, 951–52 (7th Cir. 1964) (rejecting an argument that service on a corporate defendant via its secretary was insufficient and noting that the summons was immediately given to the corporate principle). Nonetheless, although "[a]n agent's authority to accept service may be implied in fact," plaintiffs "must present facts and circumstances showing the proper relationship between the defendant and its alleged agent," and they "cannot fabricate such implied

4

authority from whole cloth." *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997).

Here, it is not clear to the Court from Ms. Hindel's title of "administrative assistant," alone, whether she would be authorized to accept service as an agent of Corporate Service Center. And Plaintiff offers no independent facts to support a finding that Ms. Hindel is an "agent authorized by appointment or by law to receive service of process" for Corporate Service Center (or for Enterprise). Furthermore, while actual notice is not the same as formal service of process, the Court declines to construe federal agency standards liberally where there is nothing in the record to suggest that Enterprise is aware of Plaintiff's service attempts. For these reasons, the Court cannot determine that Corporate Service Center or Enterprise were properly served under federal agency principles. *See Thomas v. Vergara*, 812 F. Supp. 3d 1223, 1232 (M.D. Fla. 2025) (holding that a corporate defendant was not properly served under Rule 4(h)(1)(B) where the plaintiff provided no evidence that the individual served was authorized by appointment or law to receive service of process for the defendant); *Patterson v. Meredith Corp.*, 2018 U.S. Dist. LEXIS 217034, 2018 WL 3860164, at *2 (M.D. Fla. 2018) (same).

Nor has Plaintiff shown that service complied with applicable state law. Enterprise was served in Georgia (*see* Doc. 8), and this suit was filed in Florida, so either Georgia or Florida law may apply. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Because Enterprise is a Georgia company that is registered to do business in Florida,[2] Florida law would require Plaintiff to first attempt to serve Enterprise's Florida registered agent. *See* Fla. Stat. § 48.081(2) ("A domestic corporation or registered foreign corporation may be served with process . . . by service on its registered agent designated by the corporation under chapter 607 . . ."); Fla. Stat. § 607.0501(1) (requiring corporations doing business in Florida to designate and maintain a registered agent in Florida). But according to the Florida Department of State, Enterprise's in-state registered agent is InCorp Services, not Corporate Service Center, so service on Enterprise would not have satisfied Florida law.

---

[2] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, and records of the Georgia Department of State, Corporations Division are available at ecorp.sos.ga.gov. Both sources are verified websites of public agencies. Federal Rule of Evidence 201 permits courts to take judicial notice "at any stage of the proceeding" of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b), (d).

Under Georgia law, "A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation." Ga. Code § 14-2-504(a); *see also* Ga. Code § 9-11-4(e)(1)(A) (corporations can be served by giving the complaint and summons "to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof"). Records of the Georgia Department of State confirm that Corporate Service Center is Enterprise's Georgia-based registered agent. However, Plaintiff provides no authority showing that Georgia law deems service effected upon the delivery of the complaint and summons to *any employee* of a corporation-agent.[3] Rather, Georgia courts have held that administrative employees of corporations who do not "occupy some position of managerial or supervisory responsibility within the organization" are not authorized to accept service of process on a corporation's behalf. *Khawaja v. Lane Co., Inc.*, 520 S.E.2d 1 (Ga. App. 1999) (holding that a receptionist was not authorized to accept service on her employer); *see also Hardin Const. Group, Inc. v. Fuller Enterprises, Inc.*, 505

---

[3] To serve a registered agent "other than a natural person," *Florida* law expressly permits plaintiffs to serve "any employee of the registered agent who is present at the designated registered office at the time of service." Fla. Stat. § 48.091(4)(c). But Plaintiff points to no comparable provision under Georgia law, and the Court has found no such provision.

7

S.E.2d 755 (Ga. App. 1998) (holding that handing service documents to a corporation's "administrative assistant" was not sufficient to serve process on the corporation). Thus, it does not appear—absent any showing by Plaintiff to the contrary—that serving process on one of Corporate Service Center's administrative assistants, Ms. Hindel, was sufficient to serve Corporate Service Center, or, in turn, Enterprise.

In sum, Plaintiff has failed to show that Enterprise has been properly served. The putative service on Enterprise did not comply with Florida law because Florida law requires foreign corporations to be served via their Florida-based registered agent. And, while Corporate Service Center is the proper registered agent for service on Enterprise under Georgia law, Plaintiff has not demonstrated that Georgia or federal law is satisfied by service on a registered agent's administrative assistant. For these reasons, Plaintiff's Motion (Doc. 15) is denied without prejudice. Plaintiff may renew her motion on or before July 31, 2026. Any renewed motion must include a memorandum of law explaining how service on Defendant complied with applicable law.

ORDERED on July 15, 2026.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

8